NO. 07-06-0174-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



MAY 1, 2006



______________________________




IN RE ANN NELSON PARKER VALLADOLID, RELATOR


(Regarding the Estate of Claude Nelson, Deceased)




_________________________________






Before QUINN, C.J., and REAVIS and HANCOCK, JJ.


ON RELATOR'S MOTION FOR EMERGENCY STAY




 Pending before the Court is a petition for writ of mandamus filed by Ann Nelson
Parker Valladolid, relator, and a motion for emergency stay presented pursuant to Rule
52.10 of the Texas Rules of Appellate Procedure. By her motion, Valladolid requests that
all proceedings in the trial court in Cause No. 4253H, In Re the Estate of Claude Nelson,
Deceased, and the companion case, Cause No. 1114P, In Re The Estate of Dorothy
Nelson, Deceased, both from the 69th Judicial District Court of Hartley County, Texas, be
stayed pending the consideration of her April 28, 2006 petition for writ of mandamus.

 Concluding that the motion for an emergency stay should be granted pending this
Court's action on the petition for writ of mandamus, it is ordered that all proceedings in the
trial court in the cause of In Re the Estate of Claude Nelson, Deceased, Cause No. 4253H,
and the companion case of In Re The Estate of Dorothy Nelson, Deceased, Cause No.
1114P, both from the 69th Judicial District Court of Hartley County, Texas, is stayed, subject
to further order of this Court.

 Counsel for real party in interest, Greg Parker, is requested to file a response to the
petition for writ of mandamus pursuant to Rule 52.4 of the Texas Rules of Appellate
Procedure on or before May 20, 2006. 

 It is so ordered. 

 Per Curiam




:val="off"/>
 
 
 
 
 
 
 
 









NO. 07-10-0311-CR

 

IN
THE COURT OF APPEALS

 

FOR
THE SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL
E

 

AUGUST 19, 2011

 

______________________________

 

 

VERNON
LEE MCBETH, APPELLANT

 

V.

 

THE
STATE OF TEXAS, APPELLEE

 

_________________________________

 

FROM
THE 108TH DISTRICT COURT OF POTTER COUNTY;

 

NO.
57,343-E; HONORABLE DOUGLAS R. WOODBURN, JUDGE

_______________________________

 

Before QUINN,
C.J., and PIRTLE, J., and BOYD, S.J.[1]

MEMORANDUM
OPINION

In
2009, pursuant to a plea of guilty, Appellant, Vernon Lee McBeth,
was granted deferred adjudication community supervision for five years and
assessed a $250 fine for the offense of theft under $1,500, with two or more
convictions of theft,[2]
enhanced.[3]  On March 19, 2010, the State filed a Motion to Proceed with Adjudication of Guilt
on Original Charge based on violations of the conditions of community
supervision.  At a hearing on the State's
motion, Appellant entered pleas of true to the allegations and the trial court
heard evidence and adjudicated him guilty of the original charge.  Punishment was assessed at eighteen years
confinement and a $500 fine.  In
presenting this appeal, counsel has filed an Anders[4]
brief in support of a motion to withdraw. 
We grant counsel=s motion and affirm.

In
support of her motion to withdraw, counsel certifies she has conducted a
conscientious examination of the record and, in her opinion, the record
reflects no potentially plausible basis to support an appeal.  Anders v. California,
386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); In re Schulman,
252 S.W.3d 403, 406 (Tex.Crim.App. 2008).  Counsel candidly discusses why, under the
controlling authorities, the appeal is frivolous.  See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).  Counsel has demonstrated that she has
complied with the requirements of Anders and In re Schulman by
(1) providing a copy of the brief to Appellant, (2) notifying him of his right
to file a pro se response if he desired to do so, and (3) informing him of his
right to file a pro se petition for discretionary review.  In re Schulman, 252
S.W.3d at 408.[5]  By letter, this Court granted Appellant
thirty days in which to exercise his right to file a response to counsel=s brief, should he be so
inclined.  Id. at
409 n.23.  Appellant did
file a response.  The State,
however, did not favor us with a brief.

            At the hearing on the State's motion
to proceed, Appellant expressed his good intentions to comply with the
conditions of community supervision.  He
was employed and attempted to comply with SAFP. 
However, in addition to pleading true to the State's allegations, he
testified to using methamphetamines on at least two occasions.  Appellant's mother testified that she would
allow him to live with her and offer him support if given another chance.  Given his criminal history, the trial court
was not convinced Appellant deserved another chance and sentenced him to
eighteen years confinement and a $500 fine.

            By the Anders brief, counsel raises two arguable issues, to-wit:  (1) whether the evidence is sufficient to
support the trial court's finding that Appellant violated the conditions of
community supervision and (2) whether the trial court abused its discretion in
sentencing Appellant to eighteen years confinement.  Counsel then candidly discusses under the
appropriate authorities why there is no reversible error.  Additionally, counsel notes that on September
21, 2010, this Court abated this appeal and remanded the cause for a corrected Trial Court's Certification of Defendant's
Right of Appeal as well as a corrected judgment pursuant to Mayer v. State, 309 S.W.3d 552
(Tex.Crim.App. 2010), on the issue of assessment of court-appointed attorney's
fees.  See McBeth v. State, No. 07-10-00311-CR,
2010 Tex. App. LEXIS 7746, at *3 (Tex.App.--Amarillo Sept. 21, 2010, no pet.) (not designated for publication).  A corrected judgment was filed on November 2,
2010, and the Bill of Costs no longer reflects an amount owing for
court-appointed attorney's fees.

Standard of Review

When
reviewing an order revoking community supervision, the sole question before
this Court is whether the trial court abused its discretion.  Cardona v. State,
665 S.W.2d 492, 493 (Tex.Crim.App. 1984); Jackson v. State, 645 S.W.2d
303, 305 (Tex.Crim.App. 1983).  In
a revocation proceeding, the State must prove by a preponderance of the
evidence that the probationer violated at least one condition of community
supervision as alleged in the motion to revoke. 
Cobb v. State, 851 S.W.2d 871, 874
(Tex.Crim.App. 1993).  If the
State fails to meet its burden of proof, the trial court abuses its discretion
in revoking community supervision.  Cardona,
665 S.W.2d at 494. 
In determining the sufficiency of the evidence to sustain a revocation,
we view the evidence in the light most favorable to the trial court's
ruling.  Jones v.
State, 589 S.W.2d 419, 421 (Tex.Crim.App. 1979).  When more than one violation of the
conditions of community supervision is found by the trial court, the revocation
order shall be affirmed if one sufficient ground supports the court's
order.  Moore v. State, 605 S.W.2d
924, 926 (Tex.Crim.App. 1980); Jones v. State, 571 S.W.2d 191, 193
(Tex.Crim.App. 1978); Leach v. State, 170 S.W.3d 669, 672 (Tex.App.--Fort
Worth 2005, pet. ref'd).  Additionally, a
plea of true standing alone is sufficient to support the trial court=s revocation order.  Moses v. State, 590
S.W.2d 469, 470 (Tex.Crim.App. 1979).  

When we have an Anders brief by counsel and a pro se response by an appellant, we have
two choices.  We may determine that the
appeal is wholly frivolous and issue an opinion explaining that we have
reviewed the record and find no reversible error; Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex.Crim.App. 2005) (citing
Anders, 386 U.S. at 744), or, we may
determine that arguable grounds for appeal exist and remand the cause to the
trial court so that new counsel may be appointed to brief issues.  Id.
(citing Stafford v. State, 813 S.W.2d
503, 510 (Tex.Crim.App. 1991)). 

Appellant's
pleas of true to the allegations are sufficient to support the trial court's
ruling.  Additionally, Appellant admitted
to violations of his conditions of community supervision and to the
enhancements.  

We have independently examined the entire record to determine
whether there are any non-frivolous issues which might support the appeal.  See Penson v. Ohio, 488 U.S.
75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); In re Schulman, 252 S.W.3d at
409; Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.
1991).  We have found no such
issues.  See Gainous
v. State, 436 S.W.2d 137 (Tex.Crim.App.
1969).  After reviewing the record,
counsel=s brief, and Appellant=s pro se response, we agree with
counsel that there are no plausible grounds for appeal.  See Bledsoe, 178
S.W.3d 824.

Accordingly,
counsel's motion to withdraw is granted and the trial court=s judgment is affirmed. 

 

                                                                                    Patrick A. Pirtle

                                                                                          Justice

Do not publish.











[1]John
T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.  Tex. Gov't Code Ann. §
75.002(a)(1) (West 2005).





[2]Tex.
Penal Code Ann. § 31.03(e)(4)(D) (West 2011).  This offense is a state jail felony.





[3]The
indictment contained two enhancements alleging that Appellant had previously
been convicted of two prior felony offenses. 
An individual adjudged guilty of a state jail felony shall be punished
for a third-degree felony if it is shown that the individual has previously
been convicted of any felony.  Tex. Penal
Code Ann. § 12.35(c)(2) (West 2011).  If it is shown on the trial of a state jail
felony punishable under § 12.35(c) that the individual has been once before
convicted of a felony, on conviction he shall be punished for a second-degree
felony.  Tex. Penal Code Ann. § 12.42(a)(3) (West 2011).  A
second-degree felony is punishable by confinement for a period of not more than
20 years, or less than 2 years, and by a fine not to exceed $10,000.  Tex. Penal Code Ann. §12.33 (West 2011).





[4]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18
L.Ed.2d 493 (1967).





[5]Notwithstanding that Appellant was informed of his
right to file a pro se petition for discretionary review upon execution of the Trial
Court=s Certification of Defendant=s Right of Appeal, counsel must comply with Rule 48.4 of the Texas Rules of Appellate
Procedure which provides that counsel shall within five days after this opinion
is handed down, send Appellant a copy of the opinion and judgment together with
notification of his right to file a pro se petition for discretionary review.  In re Schulman, at
408 n.22 & at 411 n.35.