Duncan Farwell Leach v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-333-CR

DUNCAN FARWELL LEACH APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

OPINION

------------

I.  Introduction

The trial court entered a judgment revoking Appellant Duncan Farwell Leach’s community supervision after determining that he violated condition number twenty of his community supervision.  In three issues, Leach argues that there is no evidence that he violated condition number twenty; that article 42.12, section 13B(a)(1)(B) of the Texas Code of Criminal Procedure is unconstitutionally vague; and that, in this case, article 42.12, section 13B(a)(1)(B) operates as an impermissible delegation of authority to the community supervision department.  We will affirm in part and dismiss for lack of jurisdiction in part.

II.  Factual and Procedural Background

Leach entered a negotiated plea of guilty to the offense of indecency with a child, and the trial court suspended imposition of a ten-year sentence, placing Leach on community supervision for a period of five years.  Leach met with his supervision officer, and the officer reviewed the terms and conditions of his community supervision with him.  Condition number twenty of Leach’s community supervision conditions prohibited him from going “in, on or within 1000 feet of a premises where children commonly gather, including a school, school yard, park, day-care facility, playground, public or private youth center, public swimming pool, or video arcade facility.”

Leach subsequently moved from Wichita Falls to Granbury in Hood County.  Eddy Wininger assumed the responsibility as Leach’s supervision officer and read the court order to Leach, reviewed the terms and conditions of his community supervision with him, and performed a risk-needs assessment during their first meeting in early September 2003.  Leach indicated that he understood the terms and conditions and did not ask Wininger any questions. Wininger received a telephone call from the Granbury Police Department on September 29, 2003.  During a meeting the next morning with Leach, Wininger asked if there had been any child safety zone violations.  Leach responded that there had not been any such violations, but that he did pull into an apartment complex on Pearl Street in Granbury to answer his cell phone. While he was in the apartment complex parking lot, some children came out, and he left.  Suspicious, Wininger went to the apartments, looked around, and spoke with a few people.  Wininger learned that residents had observed Leach on several occasions sitting in his car in the apartment complex parking lot watching the children.  

A few days later, Wininger visited Leach’s residence and confronted him with the information that he had learned from his investigation at the apartment complex.  Leach stated that he had been at the apartment complex watching children, but that this event occurred before he was placed on community supervision.  Wininger reported the incident to the supervision department.

The State sought to revoke Leach’s community supervision, alleging two community supervision violations.  The trial court revoked Leach’s community supervision after finding that he violated condition number twenty.  The trial court’s judgment revoking Leach’s community supervision states that “on or about September 29, 2003, in Hood County, Texas, the defendant [Leach] was sitting in his vehicle at a local apartment complex (near the mail boxes) watching the children in the complex.”  The trial court imposed a sentence of ten years’ confinement. 

III.  Violation of Condition Number Twenty

In his first issue, Leach argues that the trial court erred by revoking his community supervision because there was no evidence that he had gone within 1,000 feet of one of the locations listed in condition number twenty of his community supervision.  Leach contends that the term “including” in condition number twenty is a term of limitation and not a term of enlargement and that because there was no evidence that Leach went within 1,000 feet of any of the specific locations listed in condition number twenty, the trial court erred by revoking his community supervision.  

A. Standard of Review

We review an order revoking community supervision under an abuse of discretion standard.  
Cardona v. State
, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984);
 Jackson v. State
, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983).  In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision.  
Cobb v. State
, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).  The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court’s ruling.  
Cardona
, 665 S.W.2d at 493; 
Garrett v. State
, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); 
Allbright v. State
, 13 S.W.3d 817, 819 (Tex. App.—Fort Worth 2000, pet. ref’d).  If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking the community supervision. 
 Cardona
, 665 S.W.2d at 493-94.
  Proof by a preponderance of the evidence of any 
one
 of the alleged violations of the conditions of community supervision is sufficient to support a revocation order.  
Moore v. State
, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); 
Sanchez v. State
, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980). 
B.  Interpretation of Term “Including”

Condition number twenty of Leach’s community supervision, which provides that Leach shall not “go in, on or within 1000 feet of a premises where children commonly gather, including a school, school yard, park, day-care facility, playground, public or private youth center, public swimming pool, or video arcade facility,” is a condition mandated by 
section 13B(a)(1)(B) of the Texas Code of Criminal Procedure when a defendant guilty of the offense of indecency with a child is placed on community supervision.  
See 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 13B(a)(1)(B) (Vernon Supp. 2004-05).   
Leach contends that the term “including” as used in this statute is a term of limitation, not enlargement.  The State asserts that the term “including” is a term of enlargement and argues that interpreting the term as one of limitation would “divest the condition . . . of any reasonable relationship to the treatment of the accused and the protection of the public, specifically, children.”  Because condition twenty tracks exactly the statutory language of article 
 42.12, section 13B(a)(1)(B), 
Leach’s argument is one of statutory construction.  We therefore examine standard statutory interpretation and construction rules.  

Our primary duty when construing a statute
 is to determine and give effect to the legislative intent.  
See Griffith v. State
, 116 S.W.3d 782, 785 (Tex. Crim. App. 2003).  If the language of a statute is unambiguous, the court must seek the legislative intent as found in the plain and common meaning of the words and terms used.  
Boykin v. State
, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991)
.

Here, an inquiry into the plain meaning of the term “including” is unnecessary because the legislature has expressly provided us with its intent concerning the use of the term.  
Section 311.005(13) of the Code Construction Act provides that “‘[i]ncludes’ and ‘including’ are terms of enlargement and not of limitation or exclusive enumeration, and use of the terms does not create a presumption that components not expressed are excluded.” 
 
Tex. Gov’t Code Ann.
 § 311.005(13) (Vernon 2005).  Thus, the first part of section 311.005(13) clearly shows that the legislature intended the term “including” to be one of enlargement and 
not 
limitation.  
Id
.  The second part of section 311.005(13) makes it clear that the term does not have the effect of creating a presumption against further inclusion of terms not expressly stated.  
Id
.  Accordingly, the legislature intended the term “including” in article 42.12, section 13B(a)(1)(B) to be one of enlargement.  

In addition to legislative intent and section 311.005(13) of the Code Construction Act, practicality favors interpreting the term “including” as one of enlargement; 
it would be quixotic to apply a limiting interpretation to the term “including” considering the myriad of locations that could constitute a location “where children commonly gather.”  Interpreting the statute to cover only those places expressly listed would have the effect of protecting children based on their 
location 
and not the fact that they are 
children
.

In support of his argument that “including” as used in article 42.12, section 13B(a)(1)(B) is a term of limitation, Leach contends that the Board of Pardons and Paroles 
“has construed ‘including’ as a term of limitation when used in the context of establishing a child safety zone” under government code section 508.187(b)(1)(B).  
See 
Tex. Gov’t Code Ann.
 § 508.187(b)(1)(B) (Vernon 2004) (containing language identical to article 42.12, section 13B(a)(1)(B)). 
  In the document cited by Leach, the Board uses the phrase “but not limited to” after the term “including” in describing a child safety zone.  
See 
Policy Bd., Tex. Bd. of Pardons and Paroles, Number 
BPP-POL.01-11.03 (Nov. 2, 2001).  We cannot agree that the Board’s express indication that a child safety zone is not limited to the listed places somehow impliedly limits the statutory child safety zones to the listed places because the but-not-limited-to language is not included.  We cannot agree with Leach’s contention that “t
he administrative agency charged with supervising offenders and implementing a child safety zone believed that the words ‘includes’ and ‘including’ are terms of limitation” because the definition of “child safety zone” in the document uses the phrase “but not limited to” after the term “including.” 
  Accordingly, we interpret the term “including” as one of enlargement and not limitation.  
See Republic Ins. Co., v. Silverton Elevators Inc
., 493 S.W.2d 748, 752 (Tex. 1973) (reasoning that it is a “well settled rule that the words ‘include,’ ‘including,’ and ‘shall include’ are generally employed as terms of enlargement rather than limitation or restriction”); 
Jackson Law Office, P.C. v. Chappell
, 37 S.W.3d 15, 25-26 (Tex. App.—Tyler 2000, pet. denied) (reasoning that terms “include” and “including” are terms of enlargement); 
see also Fed. Land Bank v. Bismarck Lumber 
Co., 314 U.S. 95, 99-100, 62 S. Ct. 1, 4 (1941) (“We recently had occasion under other circumstances to point out that the term ‘including’ is not one of all embracing definition, but connotes simply an illustrative application of the general principle.”); 
Range 
v. United States
, 245 B.R. 266, 279 (Bankr. S.D. Tex. 1999) (“Canons of statutory construction suggest that ‘includes’ broadens a statute’s reach, instead of limiting it.”).

C.  Sufficiency of Evidence of Condition Violation

Leach does not argue that the trial court erred by revoking his community supervision because the evidence was insufficient to show that he violated term number twenty by going “in, on or within 1000 feet of a premises where children commonly gather.”  
Rather, Leach only argues that 
the trial court erred by revoking his community supervision because there was no evidence that he had gone within 1,000 feet of one of the locations specifically listed in condition number twenty of his community supervision.  
Having determined that the term “including” is a term of enlargement, we further hold that it was within the province of the trial court to determine if Leach violated condition number twenty by going “in, on or within 1,000 feet of” any “premises where children commonly gather.”  The trial court made such a determination, and Leach does not contest it in any manner.  Accordingly, the trial court did not abuse its discretion by revoking Leach’s community supervision.  
See Cardona
, 665 S.W.2d at 493; 
Jackson
, 645 S.W.2d 305
. 
 We overrule Leach’s first issue.

IV.  Grassy Area—“Where Children Commonly Gather”

In his second issue, Leach argues that the phrase “where children commonly gather” in article 42.12, section 13B(a)(1)(B) is unconstitutionally vague and violates his due process and due course of law rights under the Federal and Texas Constitutions.  Specifically, Leach contends that the phrase is “wholly incapable of meaningfully apprising any individual, and in particular, your Appellant, where, when, and by what means he may arrive, stay, or depart virtually any given location within the State of Texas.”  Leach also argues that the statute “clearly allows for 
ad hoc 
decisions by the probation department, the prosecutor’s office, and finally the Court, as to whether to report, prosecute and convict a defendant accused of violating a child safety zone in any other location than that which is specifically enumerated in the statute.”  

When reviewing the constitutionality of a statute, we presume that the statute is valid and that the legislature did not act unreasonably or arbitrarily by enacting it.  
Rodriguez v. State
, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002).  The burden is on the party challenging the statute to prove its unconstitutionality.  
Id
.  
A statute may be unconstitutionally vague if (1) it fails to give a person of ordinary intelligence fair notice of the prohibited conduct or (2) it encourages arbitrary and discriminatory enforcement by law enforcement personnel.  
See Kolender v. Lawson
, 461 U.S. 352, 357, 103 S. Ct. 1855, 1858 (1983); 
State v. Holcombe
, 145 S.W.3d 246, 253 (Tex. App.—Fort Worth 2004, pet. granted).  Requiring mathematical certainty from words alone is 
not expected.  
See Grayned v. City of Rockford
, 408 U.S. 104, 108-10, 92 S. Ct. 2294, 2298-2300 (1972).  The vagueness doctrine “is not a principle designed to convert into a constitutional dilemma the practical difficulties in drawing criminal statutes both general enough to take into account a variety of human conduct and sufficiently specific to provide fair warning that certain kinds of conduct are prohibited.”  
Colten v. Kentucky
, 407 U.S. 104, 110, 92 S. Ct. 1953, 1957 (1972).  

A judge is required by section 13B of article 42.12 to include certain conditions in a defendant’s community supervision when a child was the victim of a sexual offense by the defendant. 
 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 13B(a)(1)(B).  One of these conditions, section 13B(a)(1)(B), prohibits the probationer from “go[ing] in, on, or within 1,000 feet of a premises where children commonly gather, including a school, day-care facility, playground, public or private youth center, public swimming pool, or video arcade facility[.]” 
Id
.

Here, the record demonstrates that Leach understood the he was violating condition number twenty of his community supervision by sitting in his vehicle at the apartment complex watching children play.  Each witness for the State testified that the grassy area near the apartment complex is a location where children play and commonly gather.
(footnote: 1)  The apartment complex does not have a playground area or a swimming pool, and the testimony reflected that children under the age of thirteen would regularly use the grassy area to gather and play. 
 A resident of the apartment complex called police to report that he had observed Leach on multiple occasions sitting in a car watching the children play.  
Leach admitted to Wininger that, the previous summer, he had visited the apartment complex to watch the children.  And Leach admitted to Wininger that he had pulled into the apartment complex on one occasion while he was on community supervision to answer his cell phone. 
Thus, the record shows that Leach was aware from his visits to the apartment complex the previous summer that children commonly gathered and played in the grassy area; yet, according to residents, on multiple occasions Leach pulled into the apartment complex and sat in his car watching the children play.  
Wininger testified that, based on his conversations with Leach, Leach understood that he was not permitted to be in locations where children are gathered.  Accordingly, the record does not demonstrate, as Leach argues, that article 42.12, section 13B(a)(1)(B) failed to give him notice of the prohibited conduct.  Rather, the record shows that Leach understood the type of conduct prohibited by condition number twenty of his community supervision conditions.  
Furthermore, article 42.12 provides in its entirety extensive rules governing the community supervision process such that 
ad hoc 
decisions by law enforcement personnel are apparently obviated.  
See id. 
art. 42.12. 
 Thus, Leach did not meet his burden of showing that article 42.12, section 13B(1)(a)(B) is unconstitutionally vague, and
 the trial court did not err by revoking Leach’s community supervision after finding that he “failed to avoid places where children commonly gather” in violation of condition number twenty of his community supervision.
  
We overrule Leach’s second issue.

V.  Impermissible Delegation of Judicial Authority

In his third issue, Leach argues that article 42.12, section 13B(a)(1)(B) of the Texas Code of Criminal Procedure, the basis for condition number twenty in his community supervision conditions
, results in the impermissible delegation of judicial authority in violation of his right to due process.  The State maintains that Leach waived this issue by failing to timely appeal after he was placed on community supervision.

The failure to timely appeal from a conviction resulting in community supervision waives the right to appeal.  
See 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 23(b) (Vernon Supp. 2004-05); 
Hoskins v. State
, 425 S.W.2d 825, 828-29 (Tex. Crim. App. 1967) (op. on reh’g); 
Anthony v. State
, 962 S.W.2d 242, 245-46 (Tex. App.—Fort Worth 1998, no pet.).  Article 42.12, section 23(b) states,

The right of the defendant to appeal for a review of the conviction and punishment, as provided by law, shall be accorded the defendant at the time he is placed on community supervision.  When he is notified that his community supervision is revoked for violation of the conditions of community supervision and he is called on to serve a sentence in a jail or in the institutional division of the Texas Department of Criminal Justice, he may appeal the revocation.

Tex. Code Crim. Proc. Ann.
 art. 42.12, § 23(b).

Here, Leach did not assert an appeal challenging article 
42.12, section 13B(a)(1)(B) on improper delegation grounds 
after the 
trial court entered judgment placing him on community supervision.  Rather, he makes this argument
 
for the first time following revocation of his community supervision.  Because this issue concerns Leach’s original conviction—not the revocation of his community supervision—we cannot address it.  
See id.
; 
Anthony
, 
962 S.W.2d at 245-46.  
We dismiss Leach’s third issue for want of jurisdiction.  

VI.  Conclusion

Having overruled all of Leach’s issues, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL B: LIVINGSTON, GARDNER, and WALKER, JJ.

PUBLISH

DELIVERED: June 16, 2005

FOOTNOTES
1:
Brittney Storey testified as follows:

[Prosecutor]: Now, this grassy area in front of the apartment complex, is that a place where children commonly gather?

[Storey]: Yes.

Sheila Lawson testified as follows:

[Prosecutor]: Ms. Lawson, this grassy area that is in State’s Exhibit No. 6 in front of your - - the complex, in September of 2003 was that an area where children commonly gathered?

[Lawson]: Yes, sir.  That is where they play.

Cari Davis testified as follows:

[Prosecutor]: All right.  And in that grassy area in front of your mom’s apartment, showing you State’s 6, were there little kids playing in that area?

[Davis]: Yes, there were.

Eddy Wininger testified as follows:

[Prosecutor]: Would you say that that area in front of the complex is a place where children commonly gather?

[Wininger]: I have seen children there quite often.  I would say it’s a common place for kids that live in that apartment complex.