Williams v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-395-CR

JONATHAN PAUL WILLIAMS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Jonathan Paul Williams appeals from his conviction for possession of over 400 grams of cocaine with the intent to deliver.  Williams entered a plea of not guilty; after a bench trial, the trial court found him guilty and sentenced him to thirty-two years’ confinement and a $100 fine.  In a single point on appeal, Williams claims that the trial court abused its discretion in assessing his punishment.

The evidence presented at trial revealed that Williams sold a “kilo” of cocaine to a paid confidential informant to the Fort Worth Police Department while officers watched from across the street.  The trial court heard all of the evidence in Williams’s trial and explained at punishment that he was imposing a thirty-two-year prison sentence based on the fact that when Williams committed this offense he was on deferred adjudication probation for two state jail felonies, based on the large quantity of cocaine that Williams possessed, and based on the fact that Williams had already been given a chance to straighten up when he was given deferred adjudication probation—in the trial court’s words, “[Thirty years old is] old enough to understand and follow probation rules . . . .”.

When a trial court is called upon to determine the punishment in a case, “the allowable discretion of the trial judge in assessing a term of years is limited only by the maximum provided by law.”  
Tamminen v. State
, 653 S.W.2d 799, 803 (Tex. Crim. App. 1983).  The sentence imposed here—thirty-two years’ confinement—is within the range provided by law.  
See
 
Tex. Health & Safety Code Ann.
 § 481.112(a), (f) (Vernon 2003) (declaring penalty range for possession over 400 grams of cocaine with the intent to deliver to be fifteen to ninety-nine years’ confinement or life imprisonment); 
see also Acosta v. State
, 160 S.W.3d 204, 212 (Tex. App.—Fort Worth 2005, no pet.) (upholding twenty-five-year sentence for possession of more than 200 but less than 400 grams of cocaine with the intent to deliver).

Williams nonetheless claims that the trial court’s thirty-two-year sentence failed “to fully take into account its own problems with the State’s case.”  The trial court, as the finder of fact, however, is the sole judge of the credibility of the witnesses.  
See, e.g., Leach v. State
, 170 S.W.3d 669, 672 (Tex. App.—Fort Worth 2005, pet. ref’d).  Although the court stated that it was unimpressed with the quality of some of the testimony against Williams—referring to one of the arresting officer’s contradictory testimony—the court also explained that it found the testimony of the officer’s colleagues to be credible.  The trial court resolved any problems or concerns in favor of a “guilty” finding, and the record does not indicate that the trial court’s imposition of a statutorily authorized thirty-two-year sentence constituted an abuse of discretion.  We overrule Williams’s sole point and affirm the trial court’s judgment.

PER CURIAM

PANEL F: WALKER, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: July 6, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.