COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-05-395-CR

 

 

JONATHAN PAUL WILLIAMS                                                 APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 372ND
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Jonathan Paul Williams appeals from his
conviction for possession of over 400 grams of cocaine with the intent to
deliver.  Williams entered a plea of not
guilty; after a bench trial, the trial court found him guilty and sentenced him
to thirty-two years= confinement and a $100
fine.  In a single point on appeal,
Williams claims that the trial court abused its discretion in assessing his
punishment.








The evidence presented at trial revealed that
Williams sold a Akilo@ of
cocaine to a paid confidential informant to the Fort Worth Police Department
while officers watched from across the street. 
The trial court heard all of the evidence in Williams=s trial
and explained at punishment that he was imposing a thirty-two-year prison
sentence based on the fact that when Williams committed this offense he was on
deferred adjudication probation for two state jail felonies, based on the large
quantity of cocaine that Williams possessed, and based on the fact that
Williams had already been given a chance to straighten up when he was given
deferred adjudication probationCin the
trial court=s words, A[Thirty
years old is] old enough to understand and follow probation rules . . . .@.








When a trial court is called upon to determine
the punishment in a case, Athe
allowable discretion of the trial judge in assessing a term of years is limited
only by the maximum provided by law.@  Tamminen v. State, 653 S.W.2d 799, 803
(Tex. Crim. App. 1983).  The sentence
imposed hereCthirty-two years=
confinementCis within the range provided by
law.  See Tex. Health & Safety Code Ann. '
481.112(a), (f) (Vernon 2003) (declaring penalty range for possession over 400
grams of cocaine with the intent to deliver to be fifteen to ninety-nine years=
confinement or life imprisonment); see also Acosta v. State, 160 S.W.3d
204, 212 (Tex. App.CFort Worth 2005, no pet.)
(upholding twenty-five-year sentence for possession of more than 200 but less
than 400 grams of cocaine with the intent to deliver).

Williams nonetheless claims that the trial court=s
thirty-two-year sentence failed Ato fully
take into account its own problems with the State=s case.@  The trial court, as the finder of fact,
however, is the sole judge of the credibility of the witnesses.  See, e.g., Leach v. State, 170 S.W.3d
669, 672 (Tex. App.CFort Worth 2005, pet. ref=d).  Although the court stated that it was
unimpressed with the quality of some of the testimony against WilliamsCreferring
to one of the arresting officer=s
contradictory testimonyCthe court also explained that it
found the testimony of the officer=s
colleagues to be credible.  The trial
court resolved any problems or concerns in favor of a Aguilty@
finding, and the record does not indicate that the trial court=s
imposition of a statutorily authorized thirty-two-year sentence constituted an
abuse of discretion.  We overrule
Williams=s sole
point and affirm the trial court=s
judgment.

PER
CURIAM

 

PANEL F:    WALKER, HOLMAN, and GARDNER, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED: July 6, 2006











[1]See Tex. R. App. P. 47.4.