**Opinion filed January 30, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-07-00145-CR

_____

## JOHN WELDON WEATHERLY, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the County Court**

**Palo Pinto County, Texas**

**Trial Court Cause No. 49467**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a judgment revoking community supervision. John Weldon Weatherly pleaded nolo contendere to the misdemeanor offense of resisting arrest. The trial court convicted appellant of the offense and assessed his punishment at confinement for 180 days and a $500 fine. Pursuant to the plea bargain agreement, the trial court suspended the imposition of the sentence and placed appellant on community supervision for two years. Later, the trial court extended the term of appellant's community supervision for six months. The State filed a motion and an amended

motion to revoke appellant's community supervision. Appellant pleaded not true to the State's allegations. Following a hearing, the trial court found that appellant had violated the terms and conditions of his community supervision, revoked his community supervision, and imposed a sentence of confinement for 180 days in the Palo Pinto County Jail. We affirm.

Appellant's community supervision included the following terms and conditions, among others: that he "[r]efrain use, possession or consumption of marijuana or any other controlled substance, and use of alcohol"; that he submit to periodic drug testing; that he pay monthly community supervision fees; and that he successfully complete an outpatient chemical abuse treatment program. In its amended motion to revoke, the State alleged that appellant had violated these four terms and conditions of his community supervision. Specifically, the State alleged (1) that, on or about April 11, 2006, appellant admitted that he had consumed marihuana; (2) that appellant had refused to submit to periodic testing for the use or consumption of controlled substances on July 14, 2006; (3) that appellant had failed to pay his community supervision fees in the amount of $40 for the months of May 2005, October 2005, and November 2005; and (4) that appellant had failed to successfully complete an outpatient chemical abuse treatment program on or before July 11, 2006. Appellant pleaded "not true" to the State's allegations at the hearing on the amended motion to revoke. At the conclusion of the evidence, the trial court orally announced "true" findings on the first three allegations listed above and a "not true" finding on the fourth allegation listed above. However, in its judgment revoking community supervision, the trial court made "true" findings on all four of the allegations.

Appellant presents two issues for review. In his first issue, he contends that the trial court abused its discretion in revoking his community supervision. Appellant includes eight points of error in his first issue. In his first three points of error, appellant attacks the trial court's finding that he violated the term and condition of his community supervision that he "[r]efrain use, possession or consumption of marijuana or any other controlled substance, and use of alcohol." In his fourth through eighth points of error, appellant challenges the sufficiency of the evidence to support the trial court's findings of "true" on the other alleged violations. In his second issue, appellant contends that, in its judgment revoking community supervision, the trial court erred in finding that alleged

violation number four was "true" because the trial court made an oral finding at the hearing that alleged violation number four was "not true."

We review a trial court's order revoking community supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). At a revocation hearing, the State bears the burden of proving by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). Proof of any one violation of the terms and conditions of community supervision is sufficient to support a revocation. *McDonald v. State*, 608 S.W.2d 192, 200 (Tex. Crim. App. 1980); *Taylor v. State*, 604 S.W.2d 175, 180 (Tex. Crim. App. 1980); *Leach v. State*, 170 S.W.3d 669, 672 (Tex. App.—Fort Worth 2005, pet. ref'd).

Appellant does not challenge the sufficiency of the evidence that he used marihuana during the term of his community supervision. However, he contends in his first three points of error (1) that the term and condition of his community supervision to "[r]efrain use, possession or consumption of marijuana or any other controlled substance, and use of alcohol" is ambiguous and "failed to provide [him] with a clear expression of what was expected of him," (2) that there was no evidence that his community supervision officer clarified the ambiguity, and (3) that the direction to "refrain use" was unenforceable as written. We disagree with appellant's contention that "refrain use" is ambiguous. Despite its grammatical structure, this term and condition of community supervision clearly and unambiguously required appellant not to use, possess, or consume marihuana, any other controlled substances, or alcohol.

Appellant signed a statement, dated April 11, 2006, in which he admitted that he had used marihuana on April 7, 2006. The State introduced into evidence a copy of the statement. Deneise Thibault, a community supervision officer, testified that appellant admitted that he had used marihuana on April 7, 2006. The evidence was sufficient to support the trial court's finding that appellant violated the term and condition of his community supervision that he "[r]efrain use, possession or consumption of marijuana or any other controlled substance, and use of alcohol." Therefore, the trial court did not abuse its discretion in revoking appellant's community supervision.

3

Because proof of one violation was sufficient to support the revocation, we overrule appellant's first issue and need not address his second issue.

We affirm the judgment of the trial court.


TERRY McCALL

JUSTICE


January 30, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.