Opinion filed January 30, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed January 30,
2009

 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00145-CR

                                                    __________

 

                            JOHN WELDON WEATHERLY, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                               On
Appeal from the County Court

 

                                                      Palo
Pinto County, Texas

 

                                                    Trial
Court Cause No. 49467

 



 

                                             M
E M O R A N D U M   O P I N I O N

 








This
is an appeal from a judgment revoking community supervision.  John Weldon
Weatherly pleaded nolo contendere to the misdemeanor offense of resisting
arrest.  The trial court convicted appellant of the offense and assessed his
punishment at confinement for 180 days and a $500 fine.  Pursuant to the plea
bargain agreement, the trial court suspended the imposition of the sentence and
placed appellant on community supervision for two years.  Later, the trial
court extended the term of appellant=s
community supervision for six months.  The State filed a motion and an amended
motion to revoke appellant=s
community supervision.  Appellant pleaded not true to the State=s allegations.  Following a
hearing, the trial court found that appellant had violated the terms and
conditions of his community supervision, revoked his community supervision, and
imposed a sentence of confinement for 180 days in the Palo Pinto County Jail. 
We affirm.

Appellant=s community supervision
included the following terms and conditions, among others:  that he A[r]efrain use, possession
or consumption of marijuana or any other controlled substance, and use of
alcohol@; that he
submit to periodic drug testing; that he pay monthly community supervision
fees; and that he successfully complete an outpatient chemical abuse treatment
program.  In its amended motion to revoke, the State alleged that appellant had
violated these four terms and conditions of his community supervision. 
Specifically, the State alleged (1) that, on or about April 11, 2006,
appellant admitted that he had consumed marihuana; (2) that appellant had
refused to submit to periodic testing for the use or consumption of controlled
substances on July 14, 2006; (3) that appellant had failed to pay his community
supervision fees in the amount of $40 for the months of May 2005, October 2005,
and November 2005; and (4) that appellant had failed to successfully complete
an outpatient chemical abuse treatment program on or before July 11, 2006. 
Appellant pleaded Anot
true@ to the State=s allegations at the
hearing on the amended motion to revoke.  At the conclusion of the evidence,
the trial court orally announced Atrue@ findings on the first
three allegations listed above and a Anot
true@ finding on the
fourth allegation listed above.  However, in its judgment revoking community
supervision, the trial court made Atrue@ findings on all four of
the allegations.








Appellant
presents two issues for review.  In his first issue, he contends that the trial
court abused its discretion in revoking his community supervision.  Appellant
includes eight points of error in his first issue.  In his first three points
of error, appellant attacks the trial court=s
finding that he violated the term and condition of his community supervision
that he A[r]efrain
use, possession or consumption of marijuana or any other controlled substance,
and use of alcohol.@ 
In his fourth through eighth points of error, appellant challenges the
sufficiency of the evidence to support the trial court=s findings of Atrue@ on the other alleged
violations.  In his second issue, appellant contends that, in its judgment
revoking community supervision, the trial court erred in finding that alleged
violation number four was Atrue@ because the trial court
made an oral finding at the hearing that alleged violation number four was Anot true.@

We
review a trial court=s
order revoking community supervision under an abuse of discretion standard.  Rickels
v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); Cardona v. State,
665 S.W.2d 492, 493 (Tex. Crim. App. 1984).  At a revocation hearing, the State
bears the burden of proving by a preponderance of the evidence that the
defendant violated the terms and conditions of community supervision.  Cobb
v. State, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993).  Proof of any one
violation of the terms and conditions of community supervision is sufficient to
support a revocation.  McDonald v. State, 608 S.W.2d 192, 200 (Tex.
Crim. App. 1980); Taylor v. State, 604 S.W.2d 175, 180 (Tex. Crim. App.
1980); Leach v. State, 170 S.W.3d 669, 672 (Tex. App.CFort Worth 2005, pet.
ref=d).

Appellant
does not challenge the sufficiency of the evidence that he used marihuana
during the term of his community supervision.  However, he contends in his
first three points of error (1) that the term and condition of his
community supervision to A[r]efrain
use, possession or consumption of marijuana or any other controlled substance,
and use of alcohol@ is
ambiguous and Afailed
to provide [him] with a clear expression of what was expected of him,@ (2) that there was no
evidence that his community supervision officer clarified the ambiguity, and
(3) that the direction to Arefrain
use@ was unenforceable
as written.  We disagree with appellant=s
contention that Arefrain
use@ is ambiguous. 
Despite its grammatical structure, this term and condition of community
supervision clearly and unambiguously required appellant not to use, possess,
or consume marihuana, any other controlled substances, or alcohol.








Appellant
signed a statement, dated April 11, 2006, in which he admitted that he had used
marihuana on April 7, 2006.  The State introduced into evidence a copy of the
statement.  Deneise Thibault, a community supervision officer, testified that
appellant admitted that he had used marihuana on April 7, 2006.  The evidence
was sufficient to support the trial court=s
finding that appellant violated the term and condition of his community
supervision that he A[r]efrain
use, possession or consumption of marijuana or any other controlled substance,
and use of alcohol.@ 
Therefore, the trial court did not abuse its discretion in revoking appellant=s community supervision. 
Because proof of one violation was sufficient to support the revocation, we
overrule appellant=s
first issue and need not address his second issue.

We
affirm the judgment of the trial court.

 

 

TERRY McCALL

JUSTICE

 

January 30, 2009

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.