NO. 07-08-0176-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

FEBRUARY 4, 2009

_____


CLARENCE HIGH, A/K/A CLARENCE H. HIGH,
A/K/A CLARENCE H. HIGH, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 54,080-E; HONORABLE ABE LOPEZ, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.


**MEMORANDUM OPINION**


Pursuant to a plea bargain, Appellant, Clarence High, a/k/a Clarence H. High, a/k/a Clarence H. High, Jr., pleaded guilty to theft over $1,500 but under $20,000 in exchange for a sentence of two years confinement, suspended in favor of four years community supervision. The State later filed a motion to revoke community supervision alleging

numerous violations of the terms and conditions thereof.  Upon Appellant's plea of not true to the allegations, the court heard evidence and thereafter revoked community supervision and imposed the original sentence of two years confinement in a state jail facility.  By a sole issue, Appellant contends the trial court erroneously revoked community supervision because he proved the affirmative defense of inability to pay.  We affirm.

The charges against Appellant stemmed from numerous instances of writing checks to merchants over a period of four years which were all dishonored by his bank.  The State's motion to revoke alleged that Appellant committed the following violations of community supervision:

(a) failed to pay supervision fees in the amount of $30 per month for November 2007;

(b) failed to make payment as per payment arrangements with the Potter County Collections Department;

(c) failed to pay $140 per month toward restitution for the months of February 2007 through November 2007;

(d) failed to complete Community Service Restitution at the rate of six hours per month for the months of January 2007 through October 2007;

(e) failed to complete the financial management class; and

(f) failed to pay $100 to Crime Victims Compensation Fund on or before the 1st day of November 2007.

**Standard of Review**

When reviewing an order revoking community supervision, the sole question before this Court is whether the trial court abused its discretion.  *Cardona v. State*, 665 S.W.2d

2

492, 493 (Tex.Crim.App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex.Crim.App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona*, 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex.Crim.App. 1979). When more than one violation of the conditions of community supervision is found by the trial court, the revocation order shall be affirmed if one sufficient ground supports the court's order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980); *Leach v. State*, 170 S.W.3d 669, 672 (Tex.App.–Fort Worth 2005, pet. ref'd).

**Discussion**

In response to Appellant's contention that he proved inability to pay, the State argues that we need not decide whether the affirmative defense was established because the State alleged and proved that revocation was also based on conditions unrelated to Appellant's financial condition, i.e., failure to complete community service restitution hours and failure to complete a financial management class. We agree with the State and reiterate that one sufficient ground supports a revocation order.

Terri Crossland, Appellant's community supervision officer, testified at the hearing on the State's motion to revoke that Appellant did not complete even one hour of the 200 community service hours assessed as a condition of community supervision. She also testified that despite Appellant being given all the necessary information on how to register for a money management course which was offered every other month at a local college, he never completed the course as required by the terms and conditions of community supervision. Crossland was not cross-examined regarding these violations.

We conclude the State proved by a preponderance of the evidence that Appellant violated the terms and conditions of community supervision. The trial court's revocation order recites community supervision violations of not only conditions related to Appellant's inability to pay, but also of his failure to complete the community service restitution hours and the money management program. The trial court did not abuse its discretion in revoking Appellant's community supervision and sentencing him to two years confinement in a state jail facility. Appellant's sole issue is overruled.

Consequently, the trial court's order revoking community supervision is affirmed.

Patrick A. Pirtle
Justice

Do not publish.