NO. 07-08-0176-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

FEBRUARY 4, 2009

______________________________


CLARENCE HIGH, A/K/A CLARENCE H. HIGH,
A/K/A CLARENCE H. HIGH, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_________________________________

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 54,080-E; HONORABLE ABE LOPEZ, JUDGE

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Pursuant to a plea bargain, Appellant, Clarence High, a/k/a Clarence H. High, a/k/a
Clarence H. High, Jr., pleaded guilty to theft over $1,500 but under $20,000 in exchange
for a sentence of two years confinement, suspended in favor of four years community
supervision. The State later filed a motion to revoke community supervision alleging
numerous violations of the terms and conditions thereof. Upon Appellant’s plea of not true
to the allegations, the court heard evidence and thereafter revoked community supervision
and imposed the original sentence of two years confinement in a state jail facility. By a sole
issue, Appellant contends the trial court erroneously revoked community supervision
because he proved the affirmative defense of inability to pay. We affirm.
          The charges against Appellant stemmed from numerous instances of writing checks
to merchants over a period of four years which were all dishonored by his bank. The
State’s motion to revoke alleged that Appellant committed the following violations of
community supervision:
(a) failed to pay supervision fees in the amount of $30 per month for
November 2007;
(b) failed to make payment as per payment arrangements with the Potter
County Collections Department;
(c) failed to pay $140 per month toward restitution for the months of February
2007 through November 2007;
(d) failed to complete Community Service Restitution at the rate of six hours
per month for the months of January 2007 through October 2007;
(e) failed to complete the financial management class; and
(f) failed to pay $100 to Crime Victims Compensation Fund on or before the
1st day of November 2007.
Standard of Review
          When reviewing an order revoking community supervision, the sole question before
this Court is whether the trial court abused its discretion. Cardona v. State, 665 S.W.2d
492, 493 (Tex.Crim.App. 1984); Jackson v. State, 645 S.W.2d 303, 305 (Tex.Crim.App.
1983). In a revocation proceeding, the State must prove by a preponderance of the
evidence that the probationer violated a condition of community supervision as alleged in
the motion to revoke. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Crim.App. 1993). If the
State fails to meet its burden of proof, the trial court abuses its discretion in revoking
community supervision. Cardona, 665 S.W.2d at 494. In determining the sufficiency of the
evidence to sustain a revocation, we view the evidence in the light most favorable to the
trial court's ruling. Jones v. State, 589 S.W.2d 419, 421 (Tex.Crim.App. 1979). When more
than one violation of the conditions of community supervision is found by the trial court, the
revocation order shall be affirmed if one sufficient ground supports the court's order. Moore
v. State, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980); Leach v. State, 170 S.W.3d 669, 672
(Tex.App.–Fort Worth 2005, pet. ref'd). 
Discussion
          In response to Appellant’s contention that he proved inability to pay, the State
argues that we need not decide whether the affirmative defense was established because
the State alleged and proved that revocation was also based on conditions unrelated to
Appellant’s financial condition, i.e., failure to complete community service restitution hours
and failure to complete a financial management class. We agree with the State and
reiterate that one sufficient ground supports a revocation order.
          Terri Crossland, Appellant’s community supervision officer, testified at the hearing
on the State’s motion to revoke that Appellant did not complete even one hour of the 200
community service hours assessed as a condition of community supervision. She also
testified that despite Appellant being given all the necessary information on how to register
for a money management course which was offered every other month at a local college,
he never completed the course as required by the terms and conditions of community
supervision. Crossland was not cross-examined regarding these violations.
          We conclude the State proved by a preponderance of the evidence that Appellant
violated the terms and conditions of community supervision. The trial court’s revocation
order recites community supervision violations of not only conditions related to Appellant’s
inability to pay, but also of his failure to complete the community service restitution hours
and the money management program. The trial court did not abuse its discretion in
revoking Appellant’s community supervision and sentencing him to two years confinement
in a state jail facility. Appellant’s sole issue is overruled.
          Consequently, the trial court’s order revoking community supervision is affirmed.
                                                                           Patrick A. Pirtle

                                                                                 Justice





Do not publish.