Opinion filed March 11,
2010

 

 

 

 

 

 

 

                                                                        In The

                                                                              

  Eleventh
Court of Appeals

                                                                  ___________

 

                                                           No. 11-09-00077-CR

                                                    __________

 

                           MATTHEW SHANE MCGOUGH, Appellant

 

                                                             V.

 

                                       STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 104th District Court

 

                                  Taylor
County, Texas

 

                          Trial
Court Cause No. 16664B

 



 

                                           M E M O R A N D
U M   O P I N I O N








Matthew Shane McGough pleaded guilty to the
first degree felony offense of possession of more than four grams, but less
than 200 grams, of methamphetamine with intent to deliver in a drug-free zone. 
The trial court deferred adjudication of guilt, placed appellant on community
supervision for ten years, and assessed a fine of $1,000.   The State filed a
motion to revoke appellant=s
community supervision and to proceed with an adjudication of appellant=s guilt.  Appellant pleaded
true to nine of the State=s
twelve allegations, and the trial court found that all twelve allegations were
true.  Therefore, the trial court found that appellant had violated the terms
and conditions of his community supervision, revoked his community supervision,
adjudicated his guilt, and imposed a sentence of confinement for twenty years
and a fine of $1,000.  We affirm.

Appellant presents three issues for review. 
In his first issue, he contends that the trial court erred in admitting into
evidence an edited videotape of his November 20, 2008 arrest.  In his second
issue, he contends that he was deprived of his right to compulsory process for
obtaining witnesses in his favor because a witness that he wanted to present
refused to testify on the basis of the Fifth Amendment privilege against
self-incrimination. In his third issue, he contends that the prosecutor made
improper arguments during final argument.

We review a trial court=s order revoking community
supervision under an abuse of discretion standard.  Rickels v. State,
202 S.W.3d 759, 763 (Tex. Crim. App. 2006); Cardona v. State, 665 S.W.2d
492, 493 (Tex. Crim. App. 1984).  At a revocation hearing, the State bears the
burden of proving by a preponderance of the evidence that the defendant
violated the terms and conditions of community supervision.  Cobb v. State,
851 S.W.2d 871, 874 (Tex. Crim. App. 1993).  Proof of any one violation of the
terms and conditions of community supervision is sufficient to support a
revocation.  McDonald v. State, 608 S.W.2d 192, 200 (Tex. Crim. App.
1980); Taylor v. State, 604 S.W.2d 175, 180 (Tex. Crim. App. 1980); Leach
v. State, 170 S.W.3d 669, 672 (Tex. App.C
Fort Worth 2005, pet. ref=d). 
A plea of true, standing alone, is sufficient to support a trial court=s determination to revoke. 
Moses v. State, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979); Cole v.
State, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979); Hays v. State,
933 S.W.2d 659, 661 (Tex. App.C
San Antonio 1996, no pet.).  When a plea of true is made, the sufficiency of
the evidence to support the revocation may not be challenged.  Cole, 578
S.W.2d at 128; Hays, 933 S.W.2d at 661.

The State alleged in its motion to revoke
that appellant had committed twelve violations of the conditions of his
community supervision.  Appellant pleaded true to nine of the State=s allegations, including
allegations that he had possessed and used methamphetamine, amphetamine, and
marihuana.  Appellant=s
Atrue@ pleas were sufficient to
support the trial court=s
revocation of his community supervision.  Moses, 590 S.W.2d at 470; Cole,
578 S.W.2d at 128; Hays, 933 S.W.2d at 661.  Therefore, the trial court
did not abuse its discretion in revoking appellant=s community supervision and adjudicating guilt. 
Appellant=s issues are
overruled.








We affirm the judgment of the trial court.

 

 

TERRY McCALL

JUSTICE       

 

March 11, 2010

Do not publish.  See Tex.
R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.