NO. 07-08-00158-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL B
 
--------------------------------------------------------------------------------
MARCH 30, 2010
--------------------------------------------------------------------------------

 
 KENDRICK DUJUAN REAGOR, APPELLANT
 
 v.
 
 THE STATE OF TEXAS, APPELLEE 
--------------------------------------------------------------------------------

 
 FROM THE CRIMINAL DISTRICT COURT 2 OF TARRANT COUNTY;
 
 NO. 1011794D; HONORABLE WAYNE F. SALVANT, JUDGE
--------------------------------------------------------------------------------

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 MEMORANDUM OPINION
 
 
Appellant Kendrick Dujuan Reagor appeals from the trial courts judgment adjudicating him guilty of aggravated sexual assault of a child, revoking his community supervision, and sentencing him to twenty years imprisonment in the Institutional Division of the Texas Department of Criminal Justice. By his point of error, he contends the trial court abused its discretion because the State did not prove by a preponderance of the evidence that appellant was in violation of his community supervision. Finding no abuse of discretion, we affirm the trial courts judgment.
 Background
In March 2006, appellant was charged by indictment with the offense of aggravated sexual assault of a child. In February 2007, appellant plead guilty. The trial court entered an order deferring adjudication and placed appellant on community supervision for a term of ten years. Appellants deferred adjudication was conditioned on his compliance with specified terms and conditions. The State filed its Petition to Proceed to Adjudication in September 2007, alleging appellant failed to register as a sex offender, failed to notify his supervision officer of a change in home address, and failed to attend and participate fully in and successfully complete required treatment. At the May 2008 hearing, appellant plead not true to each of the States allegations. The State presented the testimony of an Arlington police detective, appellants community supervision officer and other witnesses to show appellant violated the terms of his community supervision. Appellant testified on his own behalf.
After hearing the evidence and argument by counsel, the trial court found appellant committed the new offense of failing to register as a sex offender on or about the 6[th] day of August 2007 and found that on or about the 6[th] day of April, 2007 appellant did not reside at the residence reported and had never resided at the reported address. The court adjudicated appellant guilty of sexual assault of a child, revoked his community supervision, and assessed the sentence noted. Appellant timely appealed.
 Analysis
We review the trial courts judgment revoking community supervision under an abuse of discretion standard. Rickels v. State, 202 S.W.3d 759, 763 (Tex.Crim.App. 2006). We indulge all reasonable inferences in a light favorable to the trial courts ruling, Jones v. State, 589 S.W.2d 419, 421 (Tex.Crim.App. 1979) (panel op), and sustain the order of revocation if the evidence substantiates a single violation. Jones v. State, 571 S.W.2d 191, 193-94 (Tex.Crim.App. 1978) (panel op.). Because a revocation hearing is an administrative hearing rather than a criminal trial, the State is required to prove a probation violation only by a preponderance of the evidence. Cobb v. State, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993). The State thus meets its burden when the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of his community supervision. Rickels, 202 S.W.3d at 764. If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking the community supervision. Cardona v. State, 665 S.W.2d 492, 493-94 (Tex.Crim.App. 1984).

After review of the record, we find we need address only one of the court's findings to affirm its order. Appellant testified at the hearing that he reported the address of a particular apartment as his new registered address beginning in late May or early June 2007. The Arlington police detective and appellant's probation officer both testified to their inability to locate appellant at the apartment on various occasions during May, June and July 2007. It appears undisputed appellant never provided required documentation of his residence at the apartment. Moreover, the apartment appellant claimed he reported as his residence was occupied by two females, only one of whom testified at the hearing. She told the court she was the lessee of the apartment, and testified appellant never lived at the apartment, was never on the lease, never helped pay rent or bills at that address, did not have a key to the apartment and had never spent the night there. 
When the evidence is viewed in the proper light, we find it preponderates in favor of the court's finding appellant violated sex offender address registration requirements. Because violation of a single condition of community supervision will sustain revocation, Moore v. State, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980) (panel op.); Leach v. State, 170 S.W.3d 669, 672 (Tex.App.Fort Worth 2005, pet. refd), the trial court did not abuse its discretion by revoking appellant's community supervision. Accordingly, we overrule his point of error and affirm the trial court's judgment. 
Finding the trial court did not abuse its discretion, we affirm the judgment of the trial court

 James T. Campbell Justice

Do not publish.