

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-09-401-CR**

BRIAN PAUL SAYLOR                                                          APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

## I. Introduction

In two points in this revocation case, Appellant Brian Paul Saylor relies on penal code section 9.22, "Necessity," to justify his admitted violations of the terms of his community supervision.  *See* Tex. Penal Code Ann. § 9.22 (Vernon 2003). We affirm.

------------

[1] *See* Tex. R. App. P. 47.4.

## II. Factual and Procedural History

On August 15, 2002, a jury found Saylor guilty of aggravated assault, sentenced him to eight years' confinement and a $1000 fine, and recommended community supervision. The trial court suspended Saylor's sentence and placed him on community supervision for eight years.

On June 22, 2006, the State filed a motion to revoke Saylor's community supervision. The State filed an amended motion to revoke on February 8, 2007.

Saylor testified at the revocation hearing on October 7, 2009, and pleaded "not true" to the State's allegations. However, during his direct examination, Saylor agreed that he signed an admission that he had used marijuana and that it was "true and correct that [he] had marijuana in [his] system." The trial court admitted State's exhibit 1, the admission signed by Saylor that he possessed and used marijuana on or about July 19, 2005, in evidence.

Saylor also admitted that he had not reported to his community supervision officer for around three years. He stated that in 2006, his mother was diagnosed with liver disease and deemed terminally ill. He decided "to stop going to probation because [of] the[se] circumstances," and he provided care for his mother until she died on January 29, 2009. During this period, Saylor failed to inform the authorities of his whereabouts, and he did not make any payments on his various community supervision-related fees. In June 2009, five months after his mother's death, Saylor turned himself in.

At the conclusion of the hearing, the trial court found true the following allegations, which we have paraphrased:

(b-1) Use of marijuana on or about July 19, 2005;

(b-2) Testing positive for use of cannabinoids in a sample taken on or about April 3, 2006;

(d) Failure to report to his community supervision officer from July 2006 through January 2007;

(e) Failure to pay his monthly $50 supervision fee from May 2005 through December 2005, in February 2006, and from April 2006 through January 2007;

(i) Failure to pay his monthly $15 payment for his $1000 fine, from February 2005 through December 2005, and in February, April and May 2006;

(k) Failure to pay his $85 monthly payment for his court-appointed counsel fee from February 2005 through December 2005, and in February, April, and May 2006;

(t-1) Failure to pay for a urinalysis test; and

(t-2) Failure to submit to a urinalysis test at the request of his community supervision officer on or about June 12, 2006.

The trial court revoked Saylor's community supervision and assessed punishment at eight years' confinement, the original punishment assessed by the jury. This appeal followed.

### III. Analysis

### A. Standard of Review

3

We review an order revoking community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Cherry v. State*, 215 S.W.3d 917, 919 (Tex. App.—Fort Worth 2007, pet. ref'd). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); *Cherry*, 215 S.W.3d at 919. The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Cardona*, 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); *Cherry*, 215 S.W.3d at 919. Proof by a preponderance of the evidence of any *one* of the alleged violations of the conditions of community supervision is sufficient to support a revocation order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Leach v. State*, 170 S.W.3d 669, 672 (Tex. App.—Fort Worth 2005, pet. ref'd.).

## B. Analysis

We need not decide whether necessity would justify Saylor's community supervision violations in 2006 because he admitted his 2005 violation for smoking marijuana. As a single violation of the terms of community supervision is sufficient to revoke, we hold that the trial court did not abuse its discretion by revoking Saylor's

community supervision and sentencing him in accordance with the jury's original punishment termination.  We overrule Saylor's sole point.

## IV.  Conclusion

Having overruled Saylor's sole point, we affirm the trial court's judgment.

PER CURIAM

PANEL:  MCCOY, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 1, 2010