02-10-173-CR















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00173-CR 

 

 


 
 
 Kenneth Wayne Douglas
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

------------

 

FROM Criminal District Court No. 3
OF Tarrant COUNTY

------------

MEMORANDUM
OPINION[1]

----------

          Appellant Kenneth Wayne Douglas
appeals the trial court’s denial of his motion to rescind revocation of
community supervision.  We affirm.

Background Facts

          Mr. Douglas pleaded guilty to sexual
assault in November 2006.  The trial
court entered an order of deferred adjudication and placed him on community
supervision for ten years.  

          On March 24, 2009, the State filed a
petition to proceed to adjudication alleging twelve violations of the
conditions of community supervision by Mr. Douglas.  Mr. Douglas pleaded “not true” to all
allegations and after a hearing, the trial court found
ten alleged violations to be true.  The
trial court found Mr. Douglas guilty of sexual assault and revoked his
community supervision.  On March 31,
2010, the trial court sentenced Mr. Douglas to 18 years’ confinement in the
Institutional Division of the Texas Department of Criminal Justice.  Mr. Douglas filed a motion to rescind the
revocation of community supervision in the trial court.  The trial court denied the motion and Mr.
Douglas filed this appeal.

          Mr. Douglas was required by the
conditions of his community supervision, among other things, not to “purchase,
possess, access, or view sexually explicit visual or audio material on any
medium;” not to “possess, own, distribute, purchase or view any . . . image in
any form that [depicts] or displays nudity;” and to install and activate
“software capable of blocking access to sexually explicit material on any
personal computer in [his] residence.”

          In 2007, Mr. Douglas’s probation
officer found pornographic images on Mr. Douglas’s laptop computer.  The probation officer admonished Mr. Douglas
that this was a violation of his community supervision and that he would be
held responsible for any pornographic images found on his computer, regardless
of how they got there.  He was
specifically notified by his probation officer that if any more pornographic
images were found on his computer, a motion to proceed to adjudication would be
filed.  In 2009, more pornographic images
were found on Mr. Douglas’s computer. 
Specifically, the Community Supervision and Corrections Department found
“more than 200 temporary internet files that had thumbnail pictures of nude
adults.”  Mr. Douglas claimed his stepson
downloaded the images, and the stepson signed an affidavit stating that he had
used the laptop to view pornography without Mr. Douglas’s knowledge.

          At the hearing on the State’s motion
to proceed to adjudication, Mr. Douglas continued to deny that the he had
downloaded the thumbnails but admitted that he had done internet searches on
herpes, rosacea, and the word “areola,” and in the results of those searches he
viewed pictures of women’s breasts, buttocks, and vaginas.  He also claimed that a link he had clicked on
from a CNN website directed him to a website with adults engaging in oral sex.

Standard of Review

          The decision to proceed to an
adjudication of guilt and revoke deferred adjudication community supervision is
reviewable in the same manner as a revocation of ordinary community
supervision.  Tex. Code
Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp.
2010).  We review an order
revoking community supervision under an abuse of discretion standard.  Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App.
1984); Jackson v. State,
645 S.W.2d 303, 305 (Tex. Crim. App. 1983).  In a revocation proceeding, the State must
prove by a preponderance of the evidence that the defendant is the same
individual who is named in the judgment and order of community supervision, and
then must prove that the defendant violated a term of community supervision as
alleged in the motion to revoke.  Cobb v. State,
851 S.W.2d 871, 873-74 (Tex. Crim. App.1993).

          In a community supervision revocation
hearing, the trial judge is the sole trier of fact and determines the
credibility of the witnesses and the weight to be given their testimony.  Allbright v. State, 13 S.W.3d 817, 818–819 (Tex. App.—Fort
Worth 2000, pet. ref’d).  We review the
evidence in the light most favorable to the trial court's ruling.  Cardona, 665 S.W.2d at 493; Garrett v.
State, 619 S.W.2d 172, 174
(Tex. Crim. App. 1981); Allbright,
13 S.W.3d at 818.  If the State
fails to meet its burden of proof, the trial court abuses its discretion in
revoking the community supervision.  Cardona, 665 S.W.2d at 493–94.  Proof by a preponderance of the evidence of
any one of the alleged violations of the conditions of community supervision is
sufficient to support a revocation order. 
Moore v. State,
605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); Sanchez v. State, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.]
1980); Leach v. State, 170 S.W.3d
669, 672 (Tex. App.—Fort Worth 2005, pet. ref’d.).

Discussion

          Mr. Douglas does not argue on appeal
that he is not the same individual who is named in the judgment and order of community
supervision.  And because we have
previously held that a factual sufficiency review is inapplicable to revocation
proceedings, see Cherry v. State, 215
S.W.3d 917, 919 (Tex. App.—Fort Worth 2007, pet. ref’d), we will address only Mr.
Douglas’s claim that the evidence is legally insufficient to support a finding
that he violated a term of his community supervision.

          The evidence at trial established that
Mr. Douglas had been warned in December 2007, that pornographic images had been
found on his computer and that he would be held responsible for any
pornographic images found on his computer, regardless of who downloaded
them.  The evidence further established
that over 200 pornographic images had been downloaded to Mr. Douglas’s computer
between April and July 2008.  Mr. Douglas
argues that there was no direct evidence affirmatively linking him to the
pornographic images found on his computer. 
There was, however, direct evidence that pornographic images were found
on his computer.

          The community supervision condition
specifically prohibited Mr. Douglas from “possessing” sexually explicit images
on any medium.  There could have been no
misunderstanding after the December 2007 warning that he was required to guard
against anyone using his computer to access the proscribed material.  He failed to do so.  The evidence is legally sufficient to prove
that Mr. Douglas “possessed” the material on his computer.

          There was also evidence by Mr.
Douglas’s own admission that he had seen nude pictures of women when he had
done internet searches on herpes, rosacea, and the word “areola.”  The court was within its discretion to choose
to disbelieve Mr. Douglas’s excuse that he forgot the meaning of the word
“areola” or that he did not think accessing medical journals on a sexually
transmitted disease would lead to pictures of sexual organs.  See Cherry, 215 S.W.3d at 919 (noting that the trial court is the
sole trier of fact and determines the credibility of the witnesses and the
weight to be given to their testimony). 
The evidence is legally sufficient to prove that Mr. Douglas “viewed”
sexually explicit material.

          Mr. Douglas was required not to
“possess . . . or view sexually explicit visual or audio material” and not to
“possess . . . or view any . . . image in any form that [depicts] or displays
nudity.”  Viewed in the light most
favorable to the judgment, the evidence presented at the hearing supports the
trial court’s order finding Mr. Douglas violated the conditions of community supervision,
adjudicating him guilty of sexual assault, and revoking his community
supervision.  Thus, there is no abuse of
discretion in the trial court’s order denying the motion to rescind revocation
of community supervision.  We overrule
Mr. Douglas’s sole issue.

Conclusion

          Having overruled Mr. Douglas’s sole
issue on appeal, we affirm the trial court’s judgment.

 

LEE GABRIEL

JUSTICE

 

PANEL:  GARDNER, WALKER, and GABRIEL, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  March 3, 2011











[1]See Tex. R. App. P. 47.4.