NO. 07-10-0303-CR
NO. 07-10-0304-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 10, 2011
_____

DAYMON LAMAR JOHNS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NOS. 56,483-E & 58,725-E; HONORABLE DOUGLAS R. WOODBURN, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

In 2007, in trial court cause number 56,483-E, Appellant, Daymon Lamar Johns, was convicted of the state jail felony of evading arrest with a vehicle,[1] and sentenced to two years confinement suspended in favor of five years community supervision and a fine of $1,000. In 2009, in trial court cause number 58,725-E, Appellant was granted

_____
[1]Tex. Penal Code Ann. § 38.04(b)(1)(B) (West Supp. 2010).

deferred adjudication for possession of cocaine in a drug-free zone,[2] a third degree felony, and placed on community supervision for five years. Motions to revoke were filed by the State in both causes for alleged violations of the terms and conditions of Appellant's community supervision. At the hearing on the State's motions, Appellant pled true to all allegations and also testified that he violated the conditions of his community supervision. At the conclusion of the hearing, the trial court expressed doubt that Appellant could satisfactorily complete community supervision and revoked community supervision in both causes. Punishment was assessed at two years confinement in a state jail facility and a $1,000 fine in cause number 56,483-E, to run consecutive to the sentence in cause number 58,725-E, which the trial court set at nine years confinement and a $1,000 fine. In presenting these appeals, counsel has filed an *Anders*[3] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008). Counsel candidly discusses why, under the controlling authorities, the appeal is frivolous. *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Furthermore, counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to file a *pro se* response if he desired to do so,

---

[2]Tex. Health & Safety Code Ann. § 481.115(c) & 481.134(c) (West 2010).

[3]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

and (3) informing him of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[4] By letter, this Court granted Appellant thirty days in which to exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did not file a response. Neither did the State favor us with a brief.

## I. Standard of Review

When reviewing an order revoking community supervision, the sole question before this Court is whether the trial court abused its discretion. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex.Crim.App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona*, 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex.Crim.App. 1979).

When more than one violation of the conditions of community supervision has been alleged, an order revoking community supervision shall be affirmed if at least one

---

[4]Notwithstanding that Appellant was informed of his right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a pro se petition for discretionary review. *In re Schulman*, at 408 n.22 & at 411 n.35.

sufficient ground exists. *Moore v. State*, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980); *Jones v. State*, 571 S.W.2d 191, 193 (Tex.Crim.App. 1978); *Leach v. State*, 170 S.W.3d 669, 672 (Tex.App.--Fort Worth 2005, pet. ref'd). Additionally, a plea of true standing alone is sufficient to support the trial court's revocation order. *Moses v. State*, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979).

## II. Analysis

By the *Anders* brief, counsel candidly concedes there is no meritorious argument to advance on Appellant's behalf. We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). After reviewing the record and counsel's brief, we agree with counsel that Appellant's pleas of true to the State's allegations in the motions to revoke, together with his testimony that he violated the conditions of his community supervision, sufficiently supports the trial court's revocation orders and that, therefore, there are no plausible grounds for appeal. *See Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App. 2005).

## III. Court-Appointed Attorney's Fees

In Cause Number 56,483-E, the *Judgment Revoking Community Supervision* orders Appellant to "pay, or make arrangements to pay" all costs of court. While the judgment does not assess a specific sum of court costs, it does reference "Court Costs: See attached." Although dated subsequent to the date of the judgment, the attached *Bill of Costs* references total costs of $2,816 (including a fine of $1,000, legislatively

mandated costs of $416, and court-appointed attorney's fees of $1,400) and prior payments of $1,756, leaving an unpaid balance of $1,060. Because there was no determination of a present ability to repay court-appointed attorney's fees, we find that the judgment overstates Appellant's court costs by $1,400. Accordingly, we reform the judgment to reflect that court costs have been paid in full. *See* Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2010). *See also Mayer v. State*, 309 S.W.3d 552, 556 (Tex.Crim.App. 2010).

## Conclusion

Accordingly, counsel's motion to withdraw is granted. In cause number 56,483-E the trial court's judgment is reformed to reflect that court costs have been paid in full, and, as reformed, that judgment is affirmed. The trial court's judgment in cause number 58,725-E is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

5