NO. 07-10-0303-CR

NO. 07-10-0304-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

MARCH 10, 2011

______________________________

 

 

DAYMON LAMAR JOHNS, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

 

NOS. 56,483-E & 58,725-E; HONORABLE DOUGLAS R.
WOODBURN, JUDGE

 

_______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

            In 2007, in trial court
cause number 56,483-E, Appellant, Daymon Lamar Johns,
was convicted of the state jail felony of evading arrest with a vehicle,[1]
and sentenced to two years confinement suspended in favor of five years
community supervision and a fine of $1,000.  In 2009, in trial court cause
number 58,725-E, Appellant was granted deferred adjudication for possession of cocaine
in a drug-free zone,[2]
a third degree felony, and placed on community supervision for five years.  Motions to revoke were filed by the State in
both causes for alleged violations of the terms and conditions of Appellant's community
supervision.  At the hearing on the
State's motions, Appellant pled true to all allegations and also testified that
he violated the conditions of his community supervision.  At the conclusion of the hearing, the trial
court expressed doubt that Appellant could satisfactorily complete community
supervision and revoked community supervision in both causes.  Punishment was assessed at two years
confinement in a state jail facility and a $1,000 fine in cause number
56,483-E, to run consecutive to the sentence in cause number 58,725-E, which
the trial court set at nine years confinement and a $1,000 fine.  In presenting these appeals, counsel has
filed an Anders[3] brief in
support of a motion to withdraw.  We
grant counsel=s motion and affirm.

In support of his motion to withdraw, counsel certifies he
has conducted a conscientious examination of the record and, in his opinion,
the record reflects no potentially plausible basis to support an appeal.  Anders v. California,
386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); In re Schulman,
252 S.W.3d 403, 406 (Tex.Crim.App. 2008).  Counsel candidly discusses why, under the
controlling authorities, the appeal is frivolous.  See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).  Furthermore, counsel has demonstrated that he
has complied with the requirements of Anders and In re Schulman
by (1) providing a copy of the brief to Appellant, (2) notifying him of his
right to file a pro se response if he
desired to do so, and (3) informing him of his right to file a pro se petition for discretionary
review.  In re
Schulman, 252 S.W.3d at 408.[4]  By letter, this Court granted Appellant
thirty days in which to exercise his right to file a response to counsel=s brief, should he be so
inclined.  Id. at
409 n.23.  Appellant did
not file a response.  Neither did
the State favor us with a brief.

I. Standard of Review 

When reviewing an order revoking community supervision, the
sole question before this Court is whether the trial court abused its
discretion.  Cardona
v. State, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984); Jackson v. State,
645 S.W.2d 303, 305 (Tex.Crim.App. 1983).  In a revocation proceeding, the State must
prove by a preponderance of the evidence that the probationer violated a
condition of community supervision as alleged in the motion to revoke.  Cobb v. State, 851
S.W.2d 871, 874 (Tex.Crim.App. 1993). 
If the State fails to meet its burden of proof, the trial court abuses
its discretion in revoking community supervision.  Cardona, 665 S.W.2d
at 494.  In determining the
sufficiency of the evidence to sustain a revocation, we view the evidence in
the light most favorable to the trial court's ruling.  Jones v. State, 589
S.W.2d 419, 421 (Tex.Crim.App. 1979). 


When more than one violation of the conditions of community
supervision has been alleged, an order revoking community supervision shall be
affirmed if at least one sufficient ground exists.  Moore v. State, 605 S.W.2d 924, 926
(Tex.Crim.App. 1980); Jones v. State, 571 S.W.2d 191, 193 (Tex.Crim.App.
1978); Leach v. State, 170 S.W.3d 669, 672 (Tex.App.--Fort Worth 2005,
pet. ref'd).  Additionally, a plea of
true standing alone is sufficient to support the trial court=s revocation order.  Moses v. State, 590
S.W.2d 469, 470 (Tex.Crim.App. 1979). 

II. Analysis

By the Anders
brief, counsel candidly concedes there is no meritorious argument to advance on
Appellant's behalf.  We have
independently examined the entire record to determine whether there are any
non-frivolous issues which might support the appeal.  See Penson v. Ohio, 488 U.S.
75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); In re Schulman, 252 S.W.3d at
409; Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.
1991).  After reviewing the record and
counsel=s brief, we agree with counsel that Appellant's
pleas of true to the State's allegations in the motions to revoke, together
with his testimony that he violated the conditions of his community
supervision, sufficiently supports the trial court's revocation orders and
that, therefore, there are no plausible grounds for appeal.  See Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005). 

III. Court-Appointed Attorney's Fees     

In Cause Number 56,483-E, the Judgment Revoking Community Supervision orders Appellant to
"pay, or make arrangements to pay" all costs of court.  While the judgment does not assess a specific
sum of court costs, it does reference "Court Costs: See
attached."  Although dated
subsequent to the date of the judgment, the attached Bill of Costs references total costs of $2,816 (including a fine of
$1,000, legislatively mandated costs of $416, and court-appointed attorney's
fees of $1,400) and prior payments of $1,756, leaving an unpaid balance of
$1,060.  Because there was no
determination of a present ability to repay court-appointed attorney's fees, we
find that the judgment overstates Appellant's court costs by $1,400.  Accordingly, we reform the judgment to
reflect that court costs have been paid in full.  See Tex. Code Crim. Proc. Ann. art. 26.05(g)
(West Supp. 2010).   See also Mayer v. State,
309 S.W.3d 552, 556 (Tex.Crim.App. 2010).  

Conclusion

Accordingly, counsel's motion to withdraw is granted.  In cause number 56,483-E the trial court's
judgment is reformed to reflect that court costs have been paid in full, and,
as reformed, that judgment is affirmed. 
The trial court's judgment in cause number 58,725-E is affirmed.

                                                                                    Patrick
A. Pirtle

                                                                                          Justice

 

Do not publish.











[1]Tex.
Penal Code Ann. § 38.04(b)(1)(B) (West Supp. 2010).

 





[2]Tex. Health & Safety Code Ann. § 481.115(c) & 481.134(c)
(West 2010).

 





[3]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18
L.Ed.2d 493 (1967).





[4]Notwithstanding that Appellant was informed of his
right to file a pro se petition for discretionary review upon execution of the Trial
Court=s Certification of Defendant=s Right of Appeal, counsel must comply with Rule 48.4 of the Texas Rules of Appellate
Procedure which provides that counsel shall within five days after this opinion
is handed down, send Appellant a copy of the opinion and judgment together with
notification of his right to file a pro se petition for discretionary review.  In re Schulman, at
408 n.22 & at 411 n.35.