NO. 07-10-0311-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

AUGUST 19, 2011

_____

VERNON LEE MCBETH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 57,343-E; HONORABLE DOUGLAS R. WOODBURN, JUDGE

_____

Before QUINN, C.J., and PIRTLE, J., and BOYD, S.J.[1]

**MEMORANDUM OPINION**

In 2009, pursuant to a plea of guilty, Appellant, Vernon Lee McBeth, was granted

deferred adjudication community supervision for five years and assessed a $250 fine for

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (West 2005).

the offense of theft under $1,500, with two or more convictions of theft,[2] enhanced.[3]  On March 19, 2010, the State filed a *Motion to Proceed with Adjudication of Guilt on Original Charge* based on violations of the conditions of community supervision.  At a hearing on the State's motion, Appellant entered pleas of true to the allegations and the trial court heard evidence and adjudicated him guilty of the original charge.  Punishment was assessed at eighteen years confinement and a $500 fine.  In presenting this appeal, counsel has filed an *Anders*[4] brief in support of a motion to withdraw.  We grant counsel's motion and affirm.

In support of her motion to withdraw, counsel certifies she has conducted a conscientious examination of the record and, in her opinion, the record reflects no potentially plausible basis to support an appeal.  *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008).   Counsel candidly discusses why, under the controlling authorities, the appeal is frivolous.   *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).   Counsel has demonstrated that she has complied with the

---

[2]Tex. Penal Code Ann. § 31.03(e)(4)(D) (West 2011).  This offense is a state jail felony.

[3]The indictment contained two enhancements alleging that Appellant had previously been convicted of two prior felony offenses.  An individual adjudged guilty of a state jail felony shall be punished for a third-degree felony if it is shown that the individual has previously been convicted of any felony.  Tex. Penal Code Ann. § 12.35(c)(2) (West 2011).  If it is shown on the trial of a state jail felony punishable under § 12.35(c) that the individual has been once before convicted of a felony, on conviction he shall be punished for a second-degree felony.  Tex. Penal Code Ann. § 12.42(a)(3) (West 2011).  A second-degree felony is punishable by confinement for a period of not more than 20 years, or less than 2 years, and by a fine not to exceed $10,000.  Tex. Penal Code Ann. §12.33 (West 2011).

[4]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to file a pro se response if he desired to do so, and (3) informing him of his right to file a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[5] By letter, this Court granted Appellant thirty days in which to exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did file a response. The State, however, did not favor us with a brief.

At the hearing on the State's motion to proceed, Appellant expressed his good intentions to comply with the conditions of community supervision. He was employed and attempted to comply with SAFP. However, in addition to pleading true to the State's allegations, he testified to using methamphetamines on at least two occasions. Appellant's mother testified that she would allow him to live with her and offer him support if given another chance. Given his criminal history, the trial court was not convinced Appellant deserved another chance and sentenced him to eighteen years confinement and a $500 fine.

By the *Anders* brief, counsel raises two arguable issues, to-wit: (1) whether the evidence is sufficient to support the trial court's finding that Appellant violated the

---

[5]Notwithstanding that Appellant was informed of his right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a pro se petition for discretionary review. *In re Schulman*, at 408 n.22 & at 411 n.35.

conditions of community supervision and (2) whether the trial court abused its discretion in sentencing Appellant to eighteen years confinement. Counsel then candidly discusses under the appropriate authorities why there is no reversible error. Additionally, counsel notes that on September 21, 2010, this Court abated this appeal and remanded the cause for a corrected *Trial Court's Certification of Defendant's Right of Appeal* as well as a corrected judgment pursuant to *Mayer v. State*, 309 S.W.3d 552 (Tex.Crim.App. 2010), on the issue of assessment of court-appointed attorney's fees. *See McBeth v. State*, No. 07-10-00311-CR, 2010 Tex. App. LEXIS 7746, at *3 (Tex.App.--Amarillo Sept. 21, 2010, no pet.) (not designated for publication). A corrected judgment was filed on November 2, 2010, and the Bill of Costs no longer reflects an amount owing for court-appointed attorney's fees.

### Standard of Review

When reviewing an order revoking community supervision, the sole question before this Court is whether the trial court abused its discretion. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that the probationer violated at least one condition of community supervision as alleged in the motion to revoke. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex.Crim.App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona*, 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a revocation, we view the

4

evidence in the light most favorable to the trial court's ruling.  *Jones v. State*, 589 S.W.2d 419, 421 (Tex.Crim.App. 1979).  When more than one violation of the conditions of community supervision is found by the trial court, the revocation order shall be affirmed if one sufficient ground supports the court's order.  *Moore v. State*, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980); *Jones v. State*, 571 S.W.2d 191, 193 (Tex.Crim.App. 1978); *Leach v. State*, 170 S.W.3d 669, 672 (Tex.App.--Fort Worth 2005, pet. ref'd). Additionally, a plea of true standing alone is sufficient to support the trial court's revocation order.  *Moses v. State*, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979).

When we have an *Anders* brief by counsel and a *pro se* response by an appellant, we have two choices.  We may determine that the appeal is wholly frivolous and issue an opinion explaining that we have reviewed the record and find no reversible error; *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex.Crim.App. 2005) (citing *Anders*, 386 U.S. at 744), or, we may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief issues.  *Id.* (citing *Stafford v. State*, 813 S.W.2d 503, 510 (Tex.Crim.App. 1991)).

Appellant's pleas of true to the allegations are sufficient to support the trial court's ruling.  Additionally, Appellant admitted to violations of his conditions of community supervision and to the enhancements.

We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal.  *See Penson v. Ohio*, 488

U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the record, counsel's brief, and Appellant's pro se response, we agree with counsel that there are no plausible grounds for appeal. *See Bledsoe*, 178 S.W.3d 824.

Accordingly, counsel's motion to withdraw is granted and the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

6