

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00010-CR

JACK POSS                                                        APPELLANT

V.

THE STATE OF TEXAS                                                   STATE

----------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

Appellant Jack Poss received deferred adjudication community supervision after he pleaded guilty to indecency with a child.  *See* Tex. Penal Code Ann. § 21.11(a)(1) (West 2011).  The State later filed a petition to proceed to adjudication.  At the adjudication hearing, Poss pleaded "true" to two of the State's allegations—that he consumed alcohol and that he left the county that he

[1]*See* Tex. R. App. P. 47.4.

was conditioned to remain in, both violations of the terms of his community supervision. The State also presented evidence that he violated several other terms of his community supervision. After hearing testimony from several witnesses, including Poss himself, the trial court found eleven additional allegations true, adjudicated Poss guilty of indecency with a child, and sentenced him to twenty years' confinement. In a single issue that contains two distinct parts, Poss argues that the trial court abused its discretion by (1) adjudicating him guilty and by (2) sentencing him to the maximum sentence allowed under the indecency with a child statute. We will affirm.

## II. DISCUSSION

Appellate review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Miles v. State*, 343 S.W.3d 908, 912 (Tex. App.—Fort Worth 2011, no pet.); *Cherry v. State*, 215 S.W.3d 917, 919 (Tex. App.—Fort Worth 2007, pet. ref'd). When there is sufficient evidence to support a finding that the defendant violated a condition of his community supervision, the trial court does not abuse its discretion by revoking the supervision. *See Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984); *Wade v. State*, 83 S.W.3d 835, 839–40 (Tex. App.—Texarkana 2002, no pet.). This is true even in the event when the trial court finds only a single violation of community supervision. *Leach v. State*, 170 S.W.3d 669, 672 (Tex. App.—Fort Worth 2005, pet. ref'd). As such, a defendant's plea of "true" to even

one allegation in the State's motion to revoke is sufficient to support the trial court's decision to adjudicate guilt. *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); *see Ramos v. State*, No. 02-08-00363–CR, 2009 WL 1035120, at *1 (Tex. App.—Fort Worth Apr. 16, 2009, pet. struck) (mem. op., not designated for publication). Once sufficient evidence is presented of a violation of a community-supervision condition, the trial court has broad discretion in choosing whether to continue, modify, or revoke the community supervision. Tex. Code Crim. Proc. Ann. art. 42.12, §§ 5, 22, 23 (West Supp. 2012); *Flournoy v. State*, 589 S.W.2d 705, 708 (Tex. Crim. App. [Panel Op.] 1979); *Hays v. State*, 933 S.W.2d 659, 661 (Tex. App.—San Antonio 1996, no pet.). When deferred adjudication community supervision is revoked, the trial court may generally impose any punishment authorized by statute within the statutory range. *See Von Schounmacher v. State*, 5 S.W.3d 221, 223 (Tex. Crim. App. 1999).

In part of his sole issue, Poss argues that "other than [his] plea of true regarding drinking alcohol and a few other minor technical violations, the evidence was insufficient to support an adjudication." But it is the pleading of "true" to the State's allegations that he drank alcohol and that he committed "a few other minor technical violations" of his community supervision that alone supports the trial court's decision to revoke community supervision and proceed to adjudication. *See Leach*, 170 S.W.3d at 672. Therefore, the trial court did not abuse its discretion by adjudicating Poss guilty of indecency with a child and our

analysis ends there. *See Rickels*, 202 S.W.3d at 763. We overrule this portion of Poss's sole issue.

In the remainder of his sole issue, Poss argues that the trial court abused its discretion by "sentencing him to the maximum sentence allowed under the law." Poss's argument is that the sentence is excessive in light of the evidence presented at the sentencing hearing that, by Poss's account, demonstrates that he was a near-model community supervision participant. But as the State points out, Poss did not object to his sentence when the trial court imposed it and, although he filed a motion for new trial, he did not complain of the sentence or its alleged disproportionality in his motion. *See Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) (holding failure to object to sentence at time of imposition or to complain of sentence in motion for new trial does not preserve complaint for appellate review). We hold that Poss waived this portion of his sole issue on appeal because he failed to assert this challenge to the trial court. *See* Tex. R. App. P. 33.1; *Curry v. State*, 910 S.W.2d 490, 497–98 (Tex. Crim. App. 1995) (holding that failure to make specific objection at trial waives Eighth Amendment claim of cruel and unusual punishment); *Trevino v. State*, 174 S.W.3d 925, 927–28 (Tex. App.—Corpus Christi 2005, pet. ref'd) ("Because the sentence imposed is within the punishment range and is not illegal, we conclude that the rights [the appellant] asserts for the first time on appeal are not so fundamental as to have relieved him of the necessity of a timely, specific trial objection."). We overrule this remaining portion of Poss's sole issue.

4

## III. CONCLUSION

Having overruled both portions of Poss's sole issue, we affirm the trial court's judgment.

BILL MEIER
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and MEIER, JJ.

DAUPHINOT, J., filed a concurring and dissenting opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 6, 2013