

In The

Court of Appeals

Seventh District of Texas at Amarillo

No. 07-13-00012-CR

ORVILLE RAY ANDERSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Carson County, Texas
Trial Court No. 4319; Honorable Stuart Messer, Presiding

July 23, 2013

MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

On October 19, 2009, pursuant to a plea of guilty, Appellant, Orville Ray Anderson was convicted of driving while intoxicated, third or more, and sentenced to five years confinement, suspended in favor of five years community supervision, and a $3,000 fine.[1] On September 20, 2012, the State filed a motion to revoke Appellant's community supervision alleging multiple violations of his conditions of supervision. At a hearing on the State's motion, Appellant pled true to some, but not all, of the

---

[1]TEX. PENAL CODE ANN. § 49.09(b)(2) (WEST SUPP. 2012).

allegations. After hearing testimony, the trial court found that Appellant did violate certain conditions of community supervision and revoked his community supervision. Punishment was modified to four years confinement with the original fine of $3,000. The 2012 judgment recites that the judgment and sentence are reformed, to-wit: it shows Appellant was convicted as follows: "Offense for which Defendant Convicted: DRIVING WHILE INTOXICATED" and under "Statute for Offense: 49.04 Penal Code." In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis for reversal of Appellant's conviction. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008). Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to file a *pro se* response if he desired to do so, and (3) informing him of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[3] By letter, this Court granted Appellant an

---

[2] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[3] Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & at 411 n.35.

opportunity to exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did not file a response. Neither did the State favor us with a brief.

At the hearing on the State's motion, Appellant's community supervision officer testified that Appellant began violating the conditions of his community supervision within the first month and that he was non-compliant. The defense attempted to lessen Appellant's culpability by presenting testimony that he was involved in a car accident and hospitalized for weeks with serious injuries, including a head injury.[4] However, the car accident did not occur until October 2010, one year after Appellant had been placed on community supervision. Appellant testified that he was very busy with work and was unable to comply with the conditions of community supervision or notify his supervision officer of his accident. He admitted letting his violations get out of control.

Following presentation of testimony from several witnesses, including Appellant, the trial court found he violated seven conditions of community supervision. The trial court noted that Appellant did not comply with community supervision requirements even before the accident.

By the *Anders* brief, counsel presents three potential issues for review: (1) sufficiency of the evidence to support Appellant's conviction and revocation; (2) ineffective assistance of counsel; and (3) severity of the punishment. Counsel concedes that after a diligent evaluation of the record and an analysis of the law, these issues would be without merit.

---

[4]Appellant testified that he fell asleep at the wheel and struck a large concrete pole.

When reviewing an order revoking community supervision, the sole question before this Court is whether the trial court abused its discretion. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex.Crim.App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona*, 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex.Crim.App. 1979). When more than one violation of the conditions of community supervision has been alleged, the revocation order shall be affirmed if any ground sufficiently supports the court's order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980); *Jones v. State*, 571 S.W.2d 191, 193 (Tex.Crim.App. 1978); *Leach v. State*, 170 S.W.3d 669, 672 (Tex.App.--Fort Worth 2005, pet. ref'd). Additionally, a plea of true standing alone is sufficient to support the trial court's revocation order. *Moses v. State*, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979).

We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing

4

the record and counsel's brief, we agree with counsel that there is no plausible basis for reversal.  *See Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App. 2005).

## CONCLUSION

The trial court's judgment is affirmed and counsel's motion to withdraw is granted.

Patrick A. Pirtle
Justice

Do not publish.